**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| 3CLOUD, LLC ) | |
| ) | |
| *Plaintiff*, ) | |
| ) | Case No. 18-cv-0076 |
| v. ) | |
| ) | Judge Nancy L. Maldonado |
| CONCURRENCY, INC., and ) | |
| ADETAYO ADEGOKE ) | |
| ) | |
| *Defendants*. ) | |

## PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

Robert D. Sweeney
Sweeney, Scharkey & Blanchard LLC
230 West Monroe Street, Suite 1500
Chicago, Illinois 60606
Tel. (312) 384-0500
rsweeney@ssbpartners.com

*-and-*

Michael S. Ferrell
Epstein Becker & Green, P.C.
227 W. Monroe, Suite 3250
Chicago, IL 60606
Tel. (312) 499-1480
mferrell@ebglaw.com

*Counsel for 3Cloud, LLC*

**TABLE OF CONTENTS**

I. NATURE OF THE CLAIM ........................................................................................ 4

II. PROCEDURAL BACKGROUND ............................................................................. 5

III. JURISDICTION AND VENUE .................................................................................. 8

IV. APPLICABLE LEGAL STANDARD ........................................................................ 8

V. ARGUMENT ................................................................................................................ 9

   A. The Causes of Actions and Parties are Identical to the Bankruptcy Proceeding. .... 10

   B. Judge Schmetterer Rendered a Final Judgment on the Merits ................................ 11

VI. DAMAGES ................................................................................................................. 13

VII. CONCLUSION .......................................................................................................... 13

**TABLE OF AUTHORITIES**

**Cases**   **Page**

*Anheuser-Busch, Inc. v. Schnorf*,
    738 F. Supp. 2d 793 (N.D. Ill. 2010) ……………………………………………… 8

*Del Signore v. Nokia of Am. Corp.*,
    672 F. Supp. 3d 560 (N.D. Ill. May 5, 2023), aff'd, No. 23-1973,
    2024 WL 503953 (7th Cir. Feb. 9, 2024) ……………………………………………. 7

*Downing v. Chicago Transit Authority*,
    162 Ill. 2d 70 (1994) ……………………..…..……………..………… 9-10

*Driver v. AppleIllinois, LLC*,
    890 F. Supp. 2d 1008 (N.D. Ill. 2012) ..………………..……………………….. 8

*Hudson v. City of Chicago,*
    228 Ill. 2d 462 (2008) ………………………………………………………… 9

*In re Woodruff,*
    600 B.R. 616 (Bankr. N.D. Ill. 2019) ……………..…………………….……… 11

*PaineWebber Inc. v. Ras.,*
    767 F. Supp. 930 (N.D. Ill. 1991) ………………..……………………………11

**Statutes**   **Page**

Defend Trade Secrets Act, 18 U.S.C. § 1832, *et seq*……………………………………. 5

Computer Fraud and Abuse Act, 18 U.S.C. § 1030, *et seq*……………………………………5

Illinois Trade Secrets Act, 765 ILCS 1065/1, *et seq*………………………………………..5

**Rules**   **Page**
Summary Judgment, Fed. R. Civ. P. 56….……………………………………………... 8

**NOW COMES** Plaintiff 3Cloud, LLC ("3Cloud"), and pursuant to Rule 56 of the Federal Rules of Civil Procedures and Local Rule 56.1, submits the following Motion for Summary Judgment ("Motion"), and in support thereof, states as follows:

I.     **NATURE OF THE CLAIM**

3Cloud is a premier technology consulting firm in Chicago, Illinois, that helps businesses develop applications and processes to take advantage of cloud computing through use of the Microsoft Azure platform. (SOF ¶ 2.) To accomplish this, 3Cloud makes substantial investments in protecting its confidential and proprietary information, as well as in educating and training its employees. (SOF ¶¶ 10-12.)

3Cloud hired Defendant Adetayo Adegoke ("Defendant" or "Adegoke") in October 2016 as its Practice Director – Cloud Modernization to build out the Cloud Modernization services and engage with potential customers. (SOF ¶¶ 5-6.) At the outset of Adegoke's employment with 3Cloud he signed an employment offer letter ("Offer Letter") and, as a condition of the same, Adegoke also signed a Confidential Information and Non-Solicitation Agreement (the "Confidentiality and Non-Solicitation Agreement"). (SOF ¶¶ 7-8.) In addition to employment, the Offer Letter and Confidentiality and Non-Solicitation Agreement provided for a guaranteed first-year bonus payment to Adegoke as consideration for executing the Confidentiality and Non-Solicitation Agreement. *Id.*

Adegoke notified 3Cloud on October 8, 2017, that he would be voluntarily resigning as of October 20, 2017, to pursue alternate employment. (SOF ¶ 30.) 3Cloud later discovered that Adegoke's new employment was with Concurrency, Inc. ("Concurrency"), another Microsoft partner firm that provides competing cloud consulting services using Microsoft's Azure platform. (SOF ¶ 38.) Around that same time, 3Cloud became aware that Adegoke had misappropriated

4

3Cloud's confidential business information while he had been secretly interviewing with Concurrency for his new position and immediately prior to his resignation from 3Cloud. (SOF ¶¶ 18-29, 39-40.) Among other things, Adegoke's actions constituted breaches of the terms of his Confidentiality and Non-Solicitation Agreement with 3Cloud (Exhibit 1 at pp. 17-21, 25), as well as willful violations of the Defend Trade Secrets Act ("DTSA"), 18 U.S.C. § 1832, *et seq.*, and the Illinois Trade Secrets Act ("ITSA"), 765 ILCS 1065/1, *et seq.* (Exhibit 1 at pp. 8-17), and Adegoke engaged in spoliation of evidence (Exhibit 1 at pp.14-15).

## II. PROCEDURAL BACKGROUND

As a result of Adegoke's misconduct, 3Cloud filed a Complaint in this Court seeking damages and injunctive relief against Concurrency and Adegoke on January 4, 2018. (Dkt. No. 1.)

In the fall of 2019, 3Cloud entered into a settlement agreement with Concurrency and it was then dismissed from the case. (SOF ¶ 43.) The case then continued against Adegoke alone following Concurrency's dismissal. (SOF ¶ 43.) The remaining claims against Adegoke were for misappropriation of trade secrets under the DTSA and ITSA, violation of the Computer Fraud and Abuse Act ("CFAA") 18 U.S.C. § 1030, *et seq.*, breach of his Confidentiality and Non-Solicitation Agreement, and breach of fiduciary duty.

At the time, this case was assigned to Judge Weisman for discovery oversight. (SOF ¶ 44.) Due to Adegoke's lack of cooperation and noncompliance during the discovery process in this matter, 3Cloud filed a motion to compel. (SOF ¶ 44.) Judge Weisman granted 3Cloud's motion, admonishing Adegoke and his counsel for Adegoke ignoring, if not flouting, the discovery process. Judge Weisman's order also granted an award of fees to 3Cloud, the amount of which was to be determined at a later date. (SOF ¶¶ 44-45.) 3Cloud submitted its fee petition to this Court as directed on November 21, 2019. (SOF ¶ 46.) Facing an adverse judgment in this Court, however,

5

Adegoke filed a Chapter 13 Bankruptcy action on December 18, 2019, before the Court issued an order on 3Cloud's fee petition. (SOF ¶¶ 47-48.) The instant matter was then stayed as a result of Adegoke's pending Chapter 13 bankruptcy case. (Dkt. No. 123; SOF ¶ 47.)

3Cloud then filed a proof of claim with the Bankruptcy Court, which set forth claims against Adegoke, which are identical to thosethat are the subject of this District Court proceeding, and ascribed an unknown value to those claims. (SOF ¶¶ 49-50.) Adegoke denied 3Cloud had valid claims and asserted that 3Cloud's claims had no value. (SOF ¶ 50.) Thus, Judge Schmetterer (retired) ordered an evidentiary hearing on the claims to determine whether 3Cloud's claims were valid, and a potential second hearing to determine the value and/or amount of damages owed. (SOF ¶ 53.)

After considering all the evidence presented during the course of a three-day trial on the merits, Judge Schmetterer issued a ruling in favor of 3Cloud on August 23, 2021. (SOF ¶¶ 54-55; Exhibit 1.). Judge Schmetterer made numerous factual findings and concluded that Adegoke willfully violated both the DTSA and ITSA, engaged in the spoliation of evidence, and breached the restrictive covenants in his Confidentiality and Non-Solicitation Agreement. (SOF ¶¶ 55-57(a)-(j).) Additionally, Judge Schmetterer determined that under the CFAA, 3Cloud could recover its costs associated with *e.g.*, Adegoke's intentional deletion of files, programs, associated licenses, and restoration costs, if those costs were proven at a later hearing on damages. (SOF ¶¶ 56, 57(g).) Therefore, Judge Schmetterer found that 3Cloud was entitled to a wide array of damages, including compensatory and punitive damages, as well as attorneys' fees. (Exhibit 1 at pp. 26-28.) An evidentiary hearing on 3Cloud's damages was also ordered, however, prior to that hearing, Adegoke and 3Cloud stipulated to damages in the amount of $3,806,448.35. (SOF ¶¶ 58-59.)

6

Following the trial, Adegoke continued to submit amended bankruptcy plans but was never able to confirm any of the plans. (SOF ¶ 60.) Accordingly, on October 26, 2023, the trustee filed a motion to dismiss Adegoke's bankruptcy case pursuant to 11 U.S.C. § 1307(c)(1) due to Adegoke's unreasonable delay for failure to file a confirmable plan within a reasonable period of time. (SOF ¶ 61.) Subsequently, on March 29, 2024, 3Cloud filed its own motion to dismiss Adegoke's Chapter 13 case for unreasonable delay and failure to file a confirmable plan. (SOF ¶ 62.)

At a status hearing on April 4, 2024, Judge Cassling[1] for the Northern District of Illinois stated that he was "firmly convinced this [Adegoke's Chapter 13 petition] doesn't constitute a valid use of Chapter 13." (SOF ¶¶ 63-64.) Judge Cassling, therefore, granted the Trustee's motion, as it was ripe for a decision,[2] and he dismissed Adegoke's bankruptcy petition based on a finding that Adegoke had engaged in unreasonable delay. (SOF ¶¶ 64-65.)

As a result, the litigation stay has now been lifted and this Court is free to proceed. (Dkt. No. 210; SOF ¶ 66.) However, there has already been a trial on 3Cloud's claims against Adegoke in the bankruptcy court, which resulted in a final order on the merits by Judge Schmetterer. (Exhibit 1.) As a result, there is no need to relitigate the merits of the claims in this matter. Defendant cannot establish that are any remaining genuine issues as to any material facts, and, therefore, summary judgment in favor of 3Cloud is proper. *Del Signore v. Nokia of Am. Corp.*, 672 F. Supp. 3d 560, 567 (N.D. Ill. May 5, 2023), aff'd, No. 23-1973, 2024 WL 503953 (7th Cir. Feb. 9, 2024).

---

[1] Judge Cassling was assigned Adegoke's bankruptcy action after Judge Schmetterer retired.
[2] Judge Cassling did not rule on 3Cloud's motion to dismiss the bankruptcy as it would have required further briefing and a hearing.

7

### III. JURISDICTION AND VENUE

This Court has federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331 because Plaintiff alleges violations of 18 U.S.C. § 1832 and 18 U.S.C. § 1030, and 28 U.S.C. § 1367(a) permits supplemental jurisdiction over the remaining state-law claims.

Pursuant to 28 U.S.C. § 1391, venue properly lies in this Court because this action arises from a contract in which a substantial part of the events giving rise to the claims occurred in this judicial district.

### IV. APPLICABLE LEGAL STANDARD

The Court should grant summary judgment where admissible evidence, considered as a whole, demonstrates that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law[.]" *Driver v. AppleIllinois, LLC*, 890 F. Supp. 2d 1008, 1027 (N.D. Ill. 2012) (citing Fed. R. Civ. P. 56(a)). This includes consideration of cited materials in the record, including pleadings, depositions, document, stipulations, admissions, or other materials, which in this case includes Judge Schmetterer's findings on the merits of the claims in this matter. Fed. R. Civ. P. 56(c).

"To successfully oppose a motion for summary judgment, the responding party may not simply rest on its pleadings, but rather must submit evidentiary materials showing that a material fact is genuinely disputed." *Id.* at 1027; *id.* at 1037 (granting plaintiffs' motion for summary judgment as to liability). "The non-moving party must do more than simply show that there is some metaphysical doubt as to the material facts. In other words, the mere existence of a scintilla of evidence in support of the [non-movant's] position will be insufficient; there must be evidence on which the jury could reasonably find for the [non-movant]." *Anheuser-Busch, Inc. v. Schnorf*, 738 F. Supp. 2d 793, 799 (N.D. Ill. 2010) (citations and internal quotation marks omitted).

V.     ARGUMENT

The record and evidence demonstrate that summary judgment must be granted in favor of 3Cloud. The parties engaged in the exchange of discovery to develop the record both in the instant matter, albeit determined inadequate on the part of Adegoke (Dkt. No. 110), and in Adegoke's bankruptcy action. (*See, e.g.,* Dkt. Nos. 56-60; Exhibit 33 at 5, 7-9.) Moreover, the parties fully litigated the claims at issue here in front of Judge Schmetterer in Adegoke's bankruptcy action. (*See generally*, Exhibits 2, 5, 35.) The evidentiary hearing before Judge Schmetterer provided the parties with a full and fair opportunity to litigate 3Cloud's claims, which resulted in a final judgment against Adegoke on the merits. (*See,* Exhibit 1.) As a result, there are no remaining material facts that have not been determined at trial in the Bankruptcy Court, nor any other facts that could lead to a favorable judgment for Adegoke in this matter.

The preclusive effect of Judge Schmetterer's 28-page Opinion necessitates summary judgment being granted for 3Cloud on its claims against Adegoke for breach of the Confidentiality and Non-Solicitation Agreement, the DTSA, the ITSA, and the CFAA (with respect to costs that 3Cloud incurred when Adegoke wiped his Company laptop). (Exhibit 1.) Where there has been a final adjudication on the merits by a court of competent jurisdiction, an attempt to relitigate the same claims is barred by *res judicata*. "Res judicata bars not only what was actually decided in the first action but also whatever could have been decided." *Hudson v. City of Chicago,* 228 Ill. 2d 462, 467 (2008), citing *La Salle National Bank v. County Board of School Trustees*, 61 Ill. 2d 524, 529 (1975). Three requirements must be satisfied for res judicata to apply: "(1) there was a final judgment on the merits rendered by a court of competent jurisdiction; (2) there is an identity of cause of action; and (3) there is an identity of parties or their privies." *Downing v. Chicago Transit Authority*, 162 Ill. 2d 70, 73–74 (1994). "A prior judgment 'estops the parties and all parties in

privity with them from relitigating the issue in a subsequent proceeding.'" *Id.* at 74, citing *People ex rel. Burris v. Progressive Land Developers, Inc.,* 151 Ill. 3d. 285, 294 (1992). As further explained herein, all three elements have been satisfied by the judgment rendered in Adegoke's bankruptcy proceeding, and, accordingly, *res judicata* applies.

  A. **The Causes of Actions and Parties are Identical to the Bankruptcy Proceeding.**

The second and third elements above are easily satisfied in this matter. The causes of action in the instant litigation and those decided in the evidentiary hearing before Judge Schmetterer are identical, as are the parties involved in the disputes. 3Cloud's Complaint in the instant matter alleges the following claims against Adegoke:

- Count I – Misappropriation of Trade Secrets under the DTSA (Dkt. No. 1 at ¶¶ 52 et seq.);

- Count II – Violation of CFAA (Dkt. No. 1 at ¶¶ 58 et seq.);

- Count III - Misappropriation of Trade Secrets under the ITSA (Dkt. No. 1 at ¶¶ 63 et seq.);

- Count IV – Breach of Contract (Dkt. No. 1 at ¶¶ 72 et seq.);

- Count V – Breach of Fiduciary Duty (Dkt. No. 1 at ¶¶ 85 et seq.); and

- Count VII – Spoliation of Evidence (Dkt. No. 1 at ¶¶ 97 et seq.).

3Cloud's Proof of Claim in Adegoke's bankruptcy proceeding asserts the very same claims against Adegoke. (SOF ¶¶ 50, 54; Exhibits 16, 17.) Each of these claims was fully litigated in the evidentiary hearing and addressed by Judge Schmetterer in his Opinion. (SOF ¶ 54; Exhibit 1.) Therefore, the requirement of identity of causes of action is met.

Furthermore, the parties remaining in this litigation—3Cloud and Adegoke—are the identical parties involved in the dispute that was the subject of the evidentiary hearing in Adegoke's bankruptcy action. Based on the claims in this litigation, 3Cloud was considered an

unsecured creditor of Adegoke. (SOF ¶¶ 48-53.) This resulted in 3Cloud's direct involvment in the bankruptcy action, and enabled the parties to continue to fully develop the record in the bankruptcy action. *Id.*3Cloud, as an unsecured creditor, filed its Proof of Claim in the bankruptcy action, to which Adegoke objected, and an evidentiary hearing involving 3Cloud and Adegoke resulted. *Id.* Thus, the element of identity of parties is satisfied.

### B. Judge Schmetterer Rendered a Final Judgment on the Merits

The first element of a final judgment on the merits is also satisfied. Judge Schmetterer, as the bankruptcy judge, had authority to render a final judgment on 3Cloud's claims against Adegoke after the evidentiary hearing. A final judgment can be rendered by a bankruptcy judge on core matters that arise in the context of a bankruptcy case, such as a creditor's claim and a debtor's objections to that claim. *In re Woodruff,* 600 B.R. 616, 621 (Bankr. N.D. Ill. 2019.) Moreover, the bankruptcy court has authority to hear and make a determination on claims when both parties consent to the hearing. *Id.*

The evidentiary hearing before Judge Schmetterer was conducted to resolve a core matter in the bankruptcy claim—namely, Adegoke's objection to 3Cloud's claims—and neither party objected to having the bankruptcy court resolving the dispute. (SOF ¶¶ 50, 53-54.) Both parties had adequate opportunity to present evidence and witnesses in the hearing, as well as test the evidence and witnesses through cross-examination. ("The court should also consider whether the issue was fairly litigated in the previous action." *PaineWebber Inc. v. Ras.,* 767 F. Supp. 930, 932 (N.D. Ill. 1991).) (*See generally,* Exhibits 2, 5, 35.) After a three-day, fully litigated evidentiary hearing, Judge Schmetterer rendered a final judgment on the merits of 3Cloud's claims in a 28-page opinion issued on August 23, 2021. (Exhibit 1.)

As a result of the evidentiary hearing, Judge Schmetterer's Opinion included the following rulings on 3Cloud's claims against Adegoke (*see,* Exhibit 1):

- For Counts I and III, Judge Schmetterer found that 3Cloud's confidential information constituted protectable trade secrets under both the DTSA and ITSA (Exhibit 1 at 9-11), Adegoke misappropriated 3Cloud's protectable trade secrets by bulk copying hundreds of files through unauthorized and improper means for purposes other than serving 3Cloud (*Id.* at 11-15), and Adegoke used the misappropriated trade secrets (*Id.* at 15-16).

- For Count VII, Judge Schmetterer determined that Adegoke destroyed evidence and this spoliation allowed for the adverse inference that Adegoke misappropriated 3Cloud's trade secrets through unauthorized means and destroyed evidence that would have been relevant and harmful to Adegoke's position. (*Id.* at 14-15).

- For Count II, Judge Schmetterer found that 3Cloud could claim certain costs, such as lost licenses, programs, or forensic damage assessments, under the CFAA, but not "economic harm related to the loss of the value of 3Cloud's trade secrets and 3Clouds economic advantage in the market." (*Id.* at 16-17.) However, the relevant costs as damages were to be determined at a subsequent hearing. (*Id.* at 17.)

- As to Count IV, 3Cloud's claim that Adegoke breached his Non-Solicitation Agreement,[3] Judge Schmetterer found that Adegoke's post-employment restrictive covenants were valid as they were ancillary to a valid employment agreement and were supported by adequate consideration. (*Id.* at 17-21.)

- Finally, Judge Schmetterer made several initial findings regarding damages, including that 3Cloud was entitled to an award of its attorneys' fees under the ITSA and DTSA based on Adegoke's willful and malicious misappropriation and that 3Cloud was entitled to attorney's fees due to Adegoke's breach of contract. (*Id.* at 27.)

Thus, all factual disputes regarding Adegoke's liability to 3Cloud have been decided and a final judgment on the merits of each of these claims has been rendered by a court of competent jurisdiction. The findings in Judge Schmetterer's Opinion should therefore be adopted by this Court. As a result, no genuine issues as to any material facts remain outstanding, summary

---

[3] Judge Schmetterer's Opinion uses the defined term "Restrictive Covenant Agreement" when referring to what is defined herein as the Confidentiality and Non-Solicitation Agreement.

judgment should be granted in this matter in favor of Plaintiff 3Cloud and against Defendant Adegoke.

## VI. DAMAGES

Judge Schmetterer reserved an award on the issue of damages until after a subsequent hearing could be held, but that second hearing did not occur. Instead, the parties stipulated to a total damages amount of $3,806,448.35 for 3Cloud's claims against Adegoke for the purposes of the bankruptcy proceedings. (SOF ¶¶ 58-59.) This amount was agreed for the purposes of Adegoke's Chapter 13 proceedings only, thus, 3Cloud requests that this Court set this matter for hearing to determine only the amount of 3Cloud's damages. (SOF ¶ 59.)

## VII. CONCLUSION

Liability on the claims in this matter have been finally resolved on the merits in an evidentiary hearing and corresponding decision by Judge Schmetterer in the bankruptcy action. For the foregoing reasons, Judge Schmetterer's factual findings and determinations of liability against Defendant should be confirmed by this Court, reserving only the issue of damages for trial. Defendant cannot establish a single genuine dispute as to any material fact that would allow a jury to reasonably find in Defendant's favor. As such, 3Cloud is entitled to summary judgment in its favor and an award of compensatory and punitive damages, equitable remedies of restitution and unjust enrichment from Defendant, recovery of 3Cloud's attorney's fees and litigation costs, and any other relief this Honorable Court deems just and proper.

Dated: July 1, 2024                                      Respectfully submitted,

                                                                                 **3CLOUD, LLC**

                                                                                 By:      s/ Robert D. Sweeney
Robert D. Sweeney
Sweeney, Scharkey & Blanchard LLC
230 West Monroe Street, Suite 1500
Chicago, Illinois 60606
Tel. (312) 384-0500
rsweeney@ssbpartners.com

*-and-*

Michael S. Ferrell
Epstein Becker & Green, P.C.
227 W. Monroe, Suite 3250
Chicago, IL 60606
Tel. (312) 499-1480
mferrell@ebglaw.com

*Counsel for Plaintiff, 3Cloud, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on July 1, 2024, I electronically filed the foregoing with the Clerk of Court for the United States District Court for the Northern District of Illinois by using the CM/ECF system which will automatically send all necessary notifications of this filing to all counsel of record.

Dated: July 1, 2024                                  Respectfully Submitted,

                                                     s/ Robert D. Sweeney
                                                     *Counsel for Plaintiff, 3Cloud, LLC*