IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| 3CLOUD, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Case No. 1:18-CV-0076 |
| | ) | |
| CONCURRENCY, INC. and | ) | Hon. Edmund E. Chang |
| ADETAYO ADEGOKE, | ) | Hon. M. David Weisman, |
| | ) | Magistrate Judge |
| Defendants. | ) | |

### DEFENDANT ADETAYO ADEGOKE'S RESPONSE TO PLAINTIFF'S PETITION FOR ATTORNEYS' FEES

Defendant Adetayo Adegoke, by and through counsel, respectfully submits the following response to Plaintiff's fee petition.

### Legal Standard

"The starting point for determining a reasonable attorney's fee is the lodestar method – 'the product of the hours reasonably expended on the case multiplied by a reasonable hourly rate.'" *Romero v. Atchison,* No. 15-cv-00713, 2019 WL 13155647, at *4-7 (N.D. Ill. Jan. 24, 2019) (quoting *Montanez v. Simon,* 755 F.3d 547, 553 (7th Cir. 2014)). A fee applicant bears the burden of "produc[ing] satisfactory evidence— in addition to the attorney's own affidavits—that the requested rates are in line with those prevailing in the community." *Pickett v. Sheridan Health Care Ctr.,* 664 F.3d 623, 640 (7th Cir. 2011); *Williams v. City of Chicago,* No. 17 C 5186, 2022 WL 971604, at *3 (N.D. Ill. Mar. 31, 2022) ("Third-party affidavits attesting to the billing rates of comparable attorneys are instructive in this inquiry, . . . although an attorney's own 'self-serving affidavit attesting to a market rate' is unlikely to suffice

1

on its own") (citations omitted). The party seeking a fee award bears the burden of establishing the market rate for the work, and a court can independently determine that rate. *Montanez v. Simon,* 755 F.3d 547, 553 (7th Cir. 2014) (court properly disregarded "conclusory affidavit . . . merely opining on the reasonableness of another attorney's fees").

The second factor in assessing a fee petition is the number of hours charged, and a court "must exclude 'hours that are excessive, redundant, or otherwise unnecessary.'" *Bempah v. Midland Credit Mgt., Inc.,* No. 22-cv-748, 2023 WL 112577, at *3-4 (N.D. Ill. Jan. 5, 2023) (quoting *Johnson v. GDF, Inc.,* 668 F.3d 927, 931 (7th Cir. 2012)). The fee applicant must exercise "billing judgment," and "exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary . . . ." *Spegon v. Catholic Bishop of Chicago,* 175 F.3d 544, 552 (7th Cir. 1999) (internal citations omitted). Block-billing for more than one task makes it impossible to determine whether a reasonable amount of time was spent on the independent tasks. *See, e.g., In re Direct Media Power, Inc.,* No. 18 C 7397, 2019 WL 4601736, at *4 (N.D. Ill. Sept. 23, 2019).

A court has the discretion to reduce the proposed fee by a reasonable percentage or strike specific entries. *In re Direct Media Power, Inc.,* 18 C 7397, 2019 WL 4601736, at *7 (N.D. Ill. Sept. 23, 2019) (bankruptcy court properly reduced fee petition by 10% for block-billed entries). A court also has discretion to reduce fee petitions for internal conferences and multiple lawyers performing the same tasks.

*See, e.g., id.* at \*5 (reducing hours for certain internal conferences and where two to three lawyers billed for same task).

### Specific Issues in Fee Petition

<u>Rates</u>. Plaintiff has submitted a fee petition seeking reimbursement for the work by three experienced attorneys, Robert Sweeney, Joanne Sweeney, and Michael Ferrell. The Sweeneys attest that their current rate is $625 per hour (PageID#1279, ¶4), and Mr. Ferrell attests that his billing rate is $595 per hour (PageID#1282, ¶5), but the only support of the market rate is the three attorneys' own declarations. Defense counsel, who engages in similar employment and commercial litigation with more years of experience than each of the three Plaintiff's attorneys, including involving post-employment restrictive covenants and trade secrets, respectfully submits the attached declaration reflecting that the current top market rate is $565 per hour in a similar matter on behalf of a corporate employer involving similar issues to which the client has agreed and paid. (Ex. 1 hereto, N. Temple Decl., ¶3) In the absence of other specific cases or independent market rate evidence presented in the petition beyond the attorneys themselves, defendant respectfully requests a modest reduction in the rate.

<u>Hours reasonably expended.</u> The Sweeneys seek fees for 26.75 hours for this motion to compel and preparing the fee petition, but the information submitted does not support the assertion that all hours were reasonably expended. The billing submitted reflects block-billing, including on 8/22/19, 9/10/19, 9/18/19, 9/19/19, 9/20/19, 10/16/19. (PageID#1284-85) Mr. Ferrell seeks payment for 7.1 hours

(PageID#1270, ¶11), although the pro forma records submitted appear to be garbled and do not reflect all of the hours totaling 7.1. (PageID#1294-95) Mr. Ferrell's invoice and pro forma records also include block-billing entries on 8/30/19, 9/11/19, 9/19/19, 9/20/19, 10/16/19, 10/17/19, and 10/22/19. (PageID#1292, 1294-97).

Mr. Ferrell's invoices reflect conferences with Mr. Sweeney that are not reflected on or reflected as different amounts of time on the Sweeneys' invoices, or not otherwise sufficiently supported due to block-billing on 8/26/19, 8/28/19, 8/29/19, 9/11/19, 9/20/19, 10/16/19, 10/22/19 (PageID#1292, 1294-97).

In light of the issues pointed out, defendant respectfully submits that this record reflects that a reduction in the hours is necessary to support hours reasonably incurred.

## Conclusion

Defendant respectfully submits that the fee petition should be reduced for the issues pointed out above.

Dated: July 25, 2024	Respectfully submitted,

By: ___s/ Nancy Temple___
Nancy Temple
Katten & Temple, LLP
209 S. LaSalle Street, Suite 950
Chicago, IL 60604
Tel. (312) 663-0800
ntemple@kattentemple.com

*Counsel for Defendant, Adetayo Adegoke*

4

## CERTIFICATE OF SERVICE

I hereby certify that on July 25, 2024, I electronically filed the foregoing with the Clerk of Court for the United States District Court for the Northern District of Illinois by using the CM/ECF system which will automatically send all necessary notifications of this filing to all counsel of record.

Dated: July 25, 2024　　　　　　　　　　Respectfully Submitted,


　　　　　　　　　　　　　　　　　　　/s/ Nancy A. Temple　　　　　　　　
　　　　　　　　　　　　　　　　　　　　Counsel for Defendant